UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROBERT MORGAN                        CIVIL ACTION NO. 06-0115

VERSUS                               U.S. DISTRICT JUDGE DEE D. DRELL

TRUS JOIST MACMILLAN, et al          U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, Doc. # 6, referred to me by the district judge for Report and Recommendation.

Robert Morgan (Morgan) entered into a contract with Trus Joist Macmillan (Trus Joist) whereby Morgan would haul Trus Joist products. In making the agreement, Morgan dealt with Trus Joist's plant manager, Greg Gordon. When Trus Joist found out that Morgan was a party to a class action proceeding against Trus Joist, Trus Joist terminated the contract with Morgan.

Morgan sued Trus Joist and Gordon asserting claims for breach of contract only. Defendants removed the case to this court alleging that Gordon, a domiciliary of Louisiana, was fraudulently joined and that, without his presence, complete diversity exists. Plaintiff filed this motion to remand arguing that defendant, Trus Joist, has failed to show that there is no possibility of plaintiff obtaining recovery against Gordon.

### Applicable law of Fraudulent Joinder

In determining whether a non-diverse defendant has been fraudulently joined, the court must determine whether the defendant

has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Smallwood v. Illinois Cent. R. Co., 385 F.3d 568 (5th C. 2004); see also, Carriere v. Sears, 893 F.2d 98, 100-101 (5th Cir. 1990), cert. Den., 111 S. Ct. 60 (1990).

## Analysis

Plaintiff cites Canter v. Koehring, 283 So.2d 716, 721 (La. 1973) for the proposition that plaintiff might be able to meet the test for recovering against Gordon individually. The Louisiana Supreme court established the following criteria in Canter, to determine whether an individual employee can be held liable to a third party:

> (1) The principal or employer owes a duty of care to the third person...breach of which has caused the damage for which recovery is sought.
> (2) This duty is delegated by the principal or employer to the defendant.
> (3) The defendant officer, agent or employee has breached his duty through personal (as contrasted with technical or vicarious) fault.
> (4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages....

However, Canter "applies only to bodily injury claims and does not apply to claims arising in a commercial setting." Unimobil 84, Inc. v. Spurney, 797 Fed.2d 214, 217 (5th Cir. 1986). \*\*\*

2

Specifically: Officers, employees and agents owe no duties to third parties for their negligent acts and omissions in a commercial context." Grimaldi Constr., Inc. v. Robinson, 1997 WL 191494, at *3 (E.D.La., 1997).

Further, "[a]lthough a mandatary making assertions and/or promises within the scope of his mandate upon which other parties reasonably rely potentially exposes his principal [to liability] under [Civil Code] article 1967, no authority supports the proposition that by making such assertions a known mandatary personally binds himself to the promisee. Grimaldi, supra; see La. Civil Code arts. 3010, 3012, 3013.

In this case, Gordon acted as a known mandatary for Trus Joist in negotiating the contractual arrangement with Morgan. Any liability rests with Trus Joist, not with Morgan.

Finally, the plaintiff has no cause of action under Louisiana's Unfair Trade Practices Act, LSA-R.S. 51:1401 *et seq*. The act applies only to actions by consumers or business competitors and provides no relief to one who claims breach of contract. See Orthopaedic and Sports Injury Clinic v. Wang Laboratories, Inc., 922 F. 2d 220 (5th Cir. 1991).

## Conclusion

For these reasons, I find that Gordon was fraudulently joined and should be dismissed and that there is complete diversity between the remaining parties. Jurisdiction is proper in this

court.

Therefore, IT IS RECOMMENDED that the plaintiff's motion to remand, be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

E-filed in Alexandria, Louisiana, on this the 6th day of March, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE