# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT MORGAN d/b/a RED RIVER PALLETS, L.L.C. | CIVIL ACTION NO. 06-0115-A |
| -vs- | JUDGE DRELL |
| TRUS JOIST MACMILLAN, A Limited Partnership | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court is a Motion for Summary Judgment filed on February 15, 2007, by Defendant, Trus Joist MacMillan ("Trus Joist").[1] (Doc. #32). Plaintiff, Robert Morgan, d/b/a Red River Pallets, LLC ("Red River Pallets"), opposes the motion. The Court finds there is no need for oral argument in this matter. For the reasons set forth herein, Defendants' Motion for Summary Judgment will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This case arises out of an alleged breach of contract.[2] In the summer of 2004, Robert Morgan, on behalf of Red River Pallets, entered into a verbal agreement with Trus Joist's plant manager, Greg Gordon, to haul a particular type of hardwood known as

---

[1] Greg Gordon has been previously dismissed from this suit. (Doc. #44).

[2] For purposes of this motion, all facts are set forth as Plaintiff alleges that they occurred. This Court does not, however, adopt these facts as true.

oriented strand board ("OSB") from the Red River Port to the Trus Joist plant.  During their conversation, Mr. Gordon explained that this was "a new venture," and that Trus Joist was "experimenting to see if it was feasible to use OSB" at their facility. (Doc. #32, exhibit B).  Gordon further explained that the experimental phase was "going to run through probably six weeks to two months," and that if the experiment was a success, Red River Pallets would continue to transport the wood for Trus Joist.  (Doc. #32, exhibit B).

Pursuant to that arrangement, Red River Pallets transported OSB for Trus Joist from July 24, 2004 to September 18, 2004, at $75 per load.  Following the last September shipment, Greg Gordon informed Mr. Morgan it was necessary for Trus Joist's plant to shut down for several months in order to re-calibrate machinery to the requisite specifications needed to process OSB, but to "get ready" because the plant would soon be "changed over."  (Doc. #32, exhibit B).  Gordon also advised Morgan to purchase a larger trailer, as Red River Pallets "would start hauling the fifty-four inch OSB in late December 2004 or early January 2005."  (Doc. #41).  Encouraged by this conversation, Mr. Morgan purchased a new trailer and tarp to better accommodate future shipments of OSB.[3]  (Doc. #32, exhibit B).

Sometime in  December of 2004, Mr. Morgan observed several trucks loaded with OSB  traveling on a local highway heading toward Trus Joist's plant.  Alarmed by this observation, Morgan called Gordon and asked him why Red River Pallets was no longer

---

[3]  Mr. Morgan also asserts that he opted not to renegotiate an ongoing shipping contract with a pre-existing customer, because he believed both of his company trucks would be needed to continue hauling OSB for Trus Joist the following year.  (Doc. #32, exhibit B).

hauling the OSB for Trus Joist.  Gordon related he had discovered Morgan to be a member in a pending class action lawsuit against Trus Joist; consequently, Trus Joist would never do business with him or Red River Pallets again.[4]  (Doc. #32, exhibit B).

On January 20, 2006, Mr. Morgan, d/b/a Red River Pallets filed suit in this Court against Trus Joist seeking general and special damages for breach of oral contract.[5]  (Doc. #1).

## LAW AND ANALYSIS

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986).  If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  Eason v. Thaler, 73

---

[4]  Trus Joist argues that the decision to employ a different company to haul OSB to its plant starting in late December was unrelated to Mr. Morgan's membership in the pending class action, but was based exclusively on the fact that Bernstein Trucking offered to transport OSB at a significantly lower price.  (Doc. #32, exhibit C).

[5]  Because there is no record evidence showing that Red River Pallets is a registered LLC in the state of Louisiana, we proceed as if Robert Morgan's claims are owned by and brought by him.

F.3d 1322, 1325 (5th Cir. 1996)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2551-53 (1986)).  In the analysis, all inferences are drawn in the light most favorable to the nonmovant.  Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment.  Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

**LOUISIANA CONTRACT LAW**

The issue before us is whether Plaintiff has proven the existence of a valid oral contract.[6]  A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished.  La. Civ. Code art. 1906 (West 2007).  A contract is formed by the consent of the parties established through offer and acceptance.  La. Civ. Code art. 1927 (West 2007).  Unless otherwise prescribed by law, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.  Id.

The party demanding performance of an obligation bears the burden of proving the obligation's existence.  La. Civ. Code art. 1831 (West 2007).  Because the purported obligation in this instance involves an oral contract in excess of $500, Plaintiff must prove its existence through at least one credible witness and other corroborating evidence. See La. Civ. Code art. 1846 (West 2007).  Mr. Morgan may serve as the one credible witness, but the other corroborating evidence must come from a different source.  See Suire v. Lafayette City Parish Consol. Gov't, 04-1459 (La. 4/12/05); 907 So. 2d 37, 58.

---

[6] It is undisputed that any agreement between the parties was not reduced to writing.

Unfortunately for Plaintiff, the only proof offered in this case to show the oral agreement for Red River Pallets to continue hauling OSB for Trus Joist after the plant's re-opening is Mr. Morgan's *uncorroborated testimony*.  That is, other than Morgan's own deposition testimony and affidavit, the record is devoid of any summary judgment evidence which would tend to show that Morgan's initial contract to haul OSB for Trus Joist extended beyond Defendant's "experimental phase," *i.e.*, past the last September shipment.  We find that Plaintiff has failed, as a matter of law, to establish the existence of a valid oral contract.  Accordingly, Plaintiff's breach of oral contract claim will be dismissed.

**DETRIMENTAL RELIANCE**

Based on the same set of facts giving rise to the breach of contract claim, Plaintiff seeks relief under the doctrine of detrimental reliance.  (Doc. #41).  Under this legal theory, "a party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying."  La. Civ. Code art. 1967 (West 2007).  To establish a detrimental reliance claim, a party must prove three elements by a preponderance of the evidence:  (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance.  Suire, 907 So. 2d at 59. Importantly, "Louisiana law allows a party to recover under the doctrine of detrimental reliance even if no formal, valid, or enforceable contract existed."  Babkow v. Morris Bart, P.L.C., 1998-0256 (La.App. 4 Cir. 12/16/98); 726 So. 2d 423, 429.

5

Here, despite our above finding that a valid oral contract does not exist between the parties, Plaintiff has provided sufficient evidence to establish a prima facie claim for detrimental reliance.  After the last September shipment of OSB to the Trus Joist plant, Greg Gordon advised Plaintiff to purchase a new trailer because Red River Pallets "would start hauling the fifty-four inch OSB in late December 2004 or early January 2005." (Doc. #41).  Based on this representation, Plaintiff purchased a new trailer and tarp to better accommodate future hauls of OSB. (Doc. #32, exhibit B).  Likewise, because of Gordon's representation, Plaintiff opted to terminate a pre-existing shipping contract with a local company.  (Doc. # 32, exhibit B).  Viewing the evidence in the light most favorable to Plaintiff, we conclude there exists a genuine  issue of material fact as to whether Mr. Morgan was reasonable in relying on Gordon's promise that Red River Pallets would continue hauling OSB for Trus Joist after the plant's conversion.  As such, with regard to Plaintiff's detrimental reliance claim, summary judgment will be DENIED.

## CONCLUSION

As to Plaintiff's breach of contract claim, summary judgment will be GRANTED. With regard to Plaintiff's detrimental reliance claim, however, summary judgment will be DENIED.

SIGNED on this 16th day of August, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge